UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER M. FRASER, and STEVEN BERRY, | |
| Plaintiffs, | No. 14 CV 1046 |
| v. | Judge Manish S. Shah |
| JESUS A. RODRIGUEZ-ESPINOZA, THE CONSULATE GENERAL OF THE BOLIVARIAN REPUBLIC OF VENEZUELA IN CHICAGO, and STATE FARM MUTUAL AUTOMOBILE INSURANCE, CO., | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Heather Fraser was riding a bicycle when she collided with a car driven by Jesus Rodriguez-Espinoza. Fraser sued Rodriguez-Espinoza for negligence, in state court. But Rodriguez-Espinoza is a consul of a foreign state, and state courts lack subject-matter jurisdiction over civil suits against consuls. Fraser voluntarily dismissed her state suit and filed suit here.

Although her state suit named only Rodriguez-Espinoza, Fraser's federal suit named two additional defendants: the Consulate General of the Bolivarian Republic of Venezuela in Chicago (the registered owner of the car) and State Farm Mutual Automobile Insurance Company (the insurer of the car).

Defendants move for summary judgment, arguing that the statute of limitations ran before this federal suit was filed. For the reasons discussed below,

that motion is granted as to defendant State Farm but denied as to Rodriguez-Espinoza. Defendants' related motion for judicial notice is denied as moot. Although I conclude that the statute of limitations also bars the claim against the Consulate, I dismiss that claim for lack of subject-matter jurisdiction. The Consulate is a foreign state, and no exception to its foreign sovereign immunity applies.

**I.   Legal Standards**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

**II.   Facts[1]**

Fraser alleges that she was injured when her bicycle collided with a car driven by Rodriguez-Espinoza. DSOF ¶ 6. The collision happened on May 19, 2011.

---

[1] The facts are taken from the parties' Local Rule 56.1 statements. "DSOF" refers to defendants' statement of undisputed facts, with Fraser's responses, [42]. "PSOF" refers to Fraser's statement of additional facts, with defendants' responses, [49].

DSOF ¶ 6. On May 17, 2013, Fraser sued Rodriguez-Espinoza for negligence, in the Circuit Court of Cook County. DSOF ¶¶ 11–12.[2] Rodriguez-Espinoza is the Consul General of the Bolivarian Republic of Venezuela in Chicago. DSOF ¶ 2. Because federal courts have exclusive jurisdiction over suits against foreign consuls, Rodriguez-Espinoza moved to dismiss the state court action. DSOF ¶ 14. On February 10, 2014, Fraser voluntarily dismissed the state court action. DSOF ¶ 15. Three days later, Fraser filed this federal suit. DSOF ¶ 16.

Although Fraser's state suit named only Rodriguez-Espinoza, her federal suit named two additional defendants: (1) the Consulate General of the Bolivarian Republic of Venezuela in Chicago; and (2) State Farm Mutual Automobile Insurance Company. DSOF ¶¶ 3–4. At the time of the collision, the car was: (1) owned by and registered to the Consulate; and (2) insured by State Farm. DSOF ¶¶ 9–10; PSOF ¶ 5. The Consulate is a foreign state. DSOF ¶ 3.

### III. Analysis

#### A. Subject-matter Jurisdiction over Claims Against the Consulate

Though no party raised the issue, I have an independent obligation to consider subject-matter jurisdiction. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004); *Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 768 (7th Cir. 2013). As Fraser acknowledges (DSOF ¶ 3), the Consulate is a foreign state. 28 U.S.C. § 1603; *Bruce v. Consulate of Venez.*, 2005 U.S. Dist. LEXIS 18898 (D.D.C.

---

[2] Fraser's husband, Steven Berry, was also a plaintiff in the state court action. DSOF ¶¶ 1, 7. He is also a plaintiff here. For simplicity, and because nothing in this opinion turns on a distinction between Berry's claims (for loss of consortium) and Fraser's claims (for personal injury), the analysis focuses on Fraser's claims.

3

2005). Under the Foreign Sovereign Immunities Act (28 U.S.C. §§ 1602 *et seq*.), foreign states are immune from suit unless a statutory exception applies. *Republic of Aus. v. Altmann*, 541 U.S. 677, 691 (2004) ("[T]he court must satisfy itself that one of the exceptions applies, as subject-matter jurisdiction in any such action depends on that application.") (internal quotation marks and alterations omitted). The exceptions are codified in 28 U.S.C. §§ 1605–1607 and 1605A. Only some are relevant here.

First, a foreign state may waive its immunity. 28 U.S.C. § 1605(a)(1). Though the Consulate has not explicitly waived immunity, waiver can be implicit. *E.g.*, *Autotech Techs. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 743 (7th Cir. 2007). In particular, "[f]ailing to raise sovereign immunity and then participating fully in a court proceeding amount to an implied waiver of immunity." *Id*. at 743. In *Autotech*, the defendant claimed immunity during contempt proceedings, after participating in the case through entry of a consent order. *Id*. at 740, 743. The Consulate has done much less in the present case, though notably it has filed and briefed the present motion for summary judgment.

The Seventh Circuit has stated that "[i]f a sovereign files a responsive pleading without raising the defense of sovereign immunity, then the immunity defense is waived." *Haven v. Rzeczpospolita Polska*, 215 F.3d 727, 731 (7th Cir. 2000). In *Haven*, the Republic of Poland was named as a defendant. *Id*. at 730. The Polish Consulate in Chicago delivered a letter to the district court, complaining that service of process had not been properly accomplished. *Id*. The Seventh Circuit

4

stated that "[t]he letter sent by the Polish Consulate to the district court did not raise any sovereign immunity defense; therefore, if the letter was a responsive pleading, sovereign immunity has been waived." *Id*. at 731–32. The court treated the letter as a motion to dismiss, but construed "responsive pleading" narrowly, excluding motions to dismiss. *Id*. at 732 ("Rule 7 of the Federal Rules of Civil Procedure explains that only certain filings may be considered responsive pleadings, including a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer."). Thus, the court concluded, "[b]ecause the letter was not a responsive pleading, its failure to raise the sovereign immunity defense did not compromise Poland's ability to raise that defense." *Id*. at 733.

A motion for summary judgment is not a "responsive pleading." *See Edelman v. Belco Title & Escrow*, LLC, 754 F.3d 389, 394–95 (7th Cir. 2014); *La Batt v. Twomey*, 513 F.2d 641, 651 (7th Cir. 1975) ("[T]he weight of authority indicates that a motion for summary judgment is not a responsive pleading."). If the failure to raise immunity constitutes waiver only if the failure occurs in a "responsive pleading," then the Consulate has not waived immunity here. (The Consulate has not yet filed a responsive pleading.) But *Haven* did not rest solely on a narrow definition of "responsive pleading." It also noted that the Polish Consulate's letter merely urged that process had not been properly served, and therefore sending the letter was not "a conscious decision to take part in the litigation." *Haven*, 215 F.3d at 733. The Consulate here has done more: it filed detailed motions and memoranda

5

urging me to dismiss the case, grant summary judgment, and take judicial notice of certain documents. *See* [7], [14], [25], [26], [32], [46], [47], [49]. The Consulate, through two attorneys who have appeared, filed a status report and attended in-court status hearings. *See* [5], [6], [39], [41]. Through all of this, the Consulate has not raised the issue of immunity.

Still, the Consulate's motions—both to dismiss and for summary judgment—have asked me to dismiss this case in its entirety, on the grounds that it is barred by the statute of limitations. Such motions do not reflect "a conscious decision to take part in the litigation." *Haven* stated that waiver on the part of foreign sovereigns must be "knowing," and also that "[t]he case law evidences a reticence to find a waiver from the nature of a foreign state's participation in litigation." *Id.* at 733 (quoting *Frolova v. Union of Soviet Socialist Republics*, 761 F.2d 370, 378 (7th Cir. 1985) (per curiam)). Because courts do not lightly find waiver of sovereign immunity, because the Consulate has not yet filed a responsive pleading, and because the Consulate's participation to date evinces a desire to have nothing to do with this litigation, I find that it has not waived sovereign immunity.

Other exceptions that might be relevant are the "commercial activity" exception (§ 1605(a)(2)) and the exception for injuries caused by employees of the foreign state acting within the scope of their employment (§ 1605(a)(5)). But there is no indication that Rodriguez-Espinoza was carrying on a commercial activity when he collided with Fraser. *See Haven*, 215 F.3d at 736 (commercial activity exception applies only if the lawsuit is "based upon" that commercial activity). Nor is there

evidence in the record that Rodriguez-Espinoza was acting within the scope of his employment at the time. *See Bagent v. Blessing Care Corp.*, 224 Ill.2d 154, 164–65 (2007) (conduct is "within the scope" of employment if it (1) was the kind of conduct the employee was employed to perform; (2) occurred substantially within the authorized time and space limits; and (3) was actuated, at least in part, by a purpose to serve the employer).

I therefore find that the Consulate is entitled to sovereign immunity. The claims against the Consulate are dismissed for a lack of subject-matter jurisdiction.

### B. Timeliness

Under 735 ILL. COMP. STAT. 5/13-202, the limitations period in this case is two years, extending from May 19, 2011, to May 19, 2013. Fraser's state court complaint was filed on May 17, 2013—within the limitations period. But her federal complaint was not filed until February 13, 2014—after the limitations period. Fraser makes three independent arguments for why her federal complaint is timely: (1) the Illinois "savings statute" extended the limitations period; (2) her federal complaint "relates back" to her state court complaint under Federal Rule of Civil Procedure 15(c); and (3) the doctrine of equitable tolling applies.

#### 1. Illinois Savings Statute

Illinois has enacted a savings statute, which under certain circumstances allows a suit to proceed despite the expiration of the relevant limitations period. If (1) a case is timely filed; (2) the limitations period expires during the case's pendency; and (3) the case is later voluntarily dismissed, then the plaintiff "may commence a new action within one year . . . after the action is voluntarily

7

dismissed . . . ." 735 ILL. COMP. STAT. 5/13-217.[3] Fraser voluntarily dismissed her suit on February 10, 2014. If the savings statute applies, she had until February 10, 2015, to refile it.

Defendants advance three independent arguments against applying the savings statute: (1) this suit is not the "same identical cause of action" as the original state court suit ([25] at 5); (2) because the state court lacked subject-matter jurisdiction, the original suit was a "nullity" that cannot trigger the savings statute ([25] at 3–4); and (3) the Consulate and State Farm were named here but not in the original state court complaint ([25] at 4).

### a. Whether the Two Suits are "the Same Identical Cause of Action"

Defendants, citing *Butterman v. Steiner*, 343 F.2d 519 (7th Cir. 1965), argue that the savings statute applies only to "the filing of the same identical cause of action." [25] at 5. In *Butterman*, the original action was for breach of contract, while the subsequent action alleged violations of the Securities Exchange Act. 343 F.2d at 520. In contrast, Fraser here *has* filed the same identical cause of action—alleged negligence causing the collision. Fraser's references in her federal complaint to statutes conferring jurisdiction do not change the underlying cause of action. *Butterman* does not apply.

---

[3] 735 ILL. COMP. STAT. 5/13-217 was amended in 1995, but the amendment was held unconstitutional, so the version in effect is the one that preceded the amendment. *See Hudson v. City of Chicago*, 228 Ill.2d 462, 469 n.1 (2008).

8

### b. Whether an Original Suit over Which the Court Lacked Subject-matter Jurisdiction is a "Nullity" that Cannot Trigger the Savings Statute

Defendants argue that the savings statute doesn't apply because the initial state court suit was a "nullity," due to the court's lack of subject-matter jurisdiction. [25] at 3. Defendants cite no case directly on point. Instead, the argument is based on connecting cases that all use the word "nullity." In short, defendants cite (1) a case in which the court declined to apply the savings statute, and described the original suit—which was against a non-existent entity—as a "nullity," *Bavel v. Cavaness*, 12 Ill. App. 3d 633, 637 (1973); and (2) cases using the word "nullity" to describe actions over which the court lacked subject-matter jurisdiction, *In re M.W.*, 232 Ill.2d 408, 444 (2009); *Johnston v. City of Bloomington*, 77 Ill.2d 108, 112 (1979).[4]

The shared use of the word "nullity" is too thin a thread to tie those cases together. An original suit filed in federal court, where jurisdiction is lacking, is no less a "nullity" than one filed in state court. But regardless of whether "nullity" is an apt description, the dismissal of such an original suit triggers the savings statute, pursuant to its text. 735 ILL. COMP. STAT. 5/13-217. *See also Bryson v. News Am. Publs.*, 174 Ill.2d 77, 105 (1996) ("Section 13-217 gave the plaintiff an absolute right to refile the same cause of action in the circuit court after that action was

---

[4] Defendants also cite *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001). *Henderson* stands for the proposition that an amended complaint cannot "relate back" to an earlier complaint, under Federal Rule of Civil Procedure 15, if that earlier complaint was itself untimely. *Henderson*, 253 F.3d at 931–32. The court described the original untimely complaint as a "nullity." *Id.* at 932. Because the present analysis concerns neither an untimely original complaint nor Rule 15, *Henderson* is inapposite.

dismissed in the federal district court for lack of diversity jurisdiction."). After dismissal for lack of jurisdiction, neither the statute nor the case law limits the subsequent suit to being filed in state court, as opposed to federal court. *See Factor v. Carson Pirie Scott & Co.*, 393 F.2d 141, 147 (7th Cir. 1968). In *Factor*, an original federal suit was dismissed for lack of subject-matter jurisdiction, because the parties were not of diverse citizenship. *Id.* at 142. During the pendency of the original suit, the plaintiff's citizenship changed, so jurisdiction was proper when he later refiled the suit (again in federal court). *Id.* Though the statute of limitations had run, the Seventh Circuit found the subsequent suit timely under the Illinois savings statute. *Id.* at 147. The only relevant difference between *Factor* and the present case is that the original suit in the present case was filed in state court. Defendants offer no reason why that should matter. I therefore reject defendants' argument that the Illinois saving statute does not apply because the original state court action was a "nullity."

### c. The Addition of New Defendants

As noted above, Fraser named the Consulate and State Farm as defendants in this federal suit, but they were not named in her state suit. Defendants argue that because new defendants were named, this suit is not a "refiling" under the savings statute, and is thus untimely. [25] at 4. "A complaint naming a different defendant is a separate action for purposes of section 13-217." *Guiffrida v. Boothy's Palace Tavern, Inc.*, 2014 IL App (4th) 131008 (2014). A plaintiff may not use the savings statute to add new parties to the complaint. *Brengettcy v. Horton*, 2006 U.S. Dist. LEXIS 45828, *23 (N.D. Ill. 2006); *see also Ladien v. Bd. of Trs.*, 1994 U.S.

10

Dist. LEXIS 10216, *10–11 (N.D. Ill. 1994) (savings statute does not allow a plaintiff to add parties after the limitations period); *Nicole v. City of Chicago*, 1992 U.S. Dist. LEXIS 640, *5–6 (N.D. Ill. 1992) (same). I agree with these courts, and the Illinois Appellate Court in *Flynn v. Allis Chalmers Corp.*, 262 Ill. App. 3d 136, 140 (1994), which held that complaints as to new defendants are not refilings under the savings statute. Therefore, the complaint as to State Farm was untimely and is barred by the statute of limitations.[5]

Defendants state in conclusory fashion that the addition of new defendants dooms not just the claims against those defendants, but also those against Rodriguez-Espinoza. [25] at 4. But defendants offer no support for that position, nor am I aware of any. Indeed, both *Brengettcy* and *Ladien* applied the savings statute to permit claims that were brought in the original timely complaint, while barring claims against newly named defendants. *Brengettcy*, 2006 U.S. Dist. LEXIS 45828 at *27–28; *Ladien*, 1994 U.S. Dist. LEXIS 10216 at *10–11. I take the same

---

[5] Some courts have considered complaints naming new defendants to be "refilings" under the savings statute. But those courts addressed whether the refiling was an impermissible successive one, *see Flesner v. Youngs Dev. Co.*, 145 Ill.2d 252, 254 (1991), not whether the claims against new defendants themselves constituted refilings. For example, the Seventh Circuit held that a complaint, despite naming a different defendant, was an impermissible second refiling. *Evans v. Lederle Lab.*, 167 F.3d 1106, 1113 (7th Cir. 1999). The *Evans* court noted that "[i]nsofar as § 13-217 is designed to temper the litigious excesses of plaintiffs, it is reasonable to apply it to multiple refilings of the same action even against additional defendants. Otherwise, a plaintiff could prolong litigation indefinitely merely by failing to join necessary defendants." *Id.* The *Evans* rationale supports the outcome in this case—allowing a refiling to add defendants outside the statute of limitations "would expand litigation, not limit it." *Brengettcy*, 2006 U.S. Dist. LEXIS 45828 at *26. Moreover, there is no evidence that State Farm had timely notice of the litigation. *Cf. Bryson*, 174 Ill.2d at 108 ("Because the defendants had notice of litigation arising out of the same facts and circumstances within the limitations period, the rationale for extending the limitations period pursuant to section 13-217 is likewise fulfilled.").

approach, and consider the claims against each defendant separately, in order to determine whether the claim is a "refiling" under the savings statute. The claim against Rodriguez-Espinoza clearly is a refiling of the state lawsuit, and was filed within one year of the voluntary dismissal. The suit as to Rodriguez-Espinoza is therefore timely under Illinois law.

## 2. Relation Back Under Federal Rule 15(c)

Under certain circumstances, an amended pleading can "relate back to the date of the original pleading," and be timely despite an expired limitations period. *See* Fed. R. Civ. P. 15(c). But Rule 15(c) only applies to amended pleadings in the same action as the original, timely pleading. *Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 412–13 (7th Cir. 1990); *Cunningham v. Vil. of Sauget*, 2007 U.S. Dist. LEXIS 62282, *18 (S.D. Ill. 2007) ("Plaintiff's attempt to connect the instant suit back to the earlier state suit by way of Rule 15(c) will simply not work, as Rule 15(c) does not apply to claims filed in 'another distinct proceeding.'") (quoting *Bailey*, 910 F.2d at 413). Because Fraser's timely complaint was in a separate action, her subsequent complaint does not "relate back" under Rule 15(c).

Further, there is an independent reason why Rule 15(c) does not save the complaint as to State Farm. A complaint adding a new defendant, as Fraser's federal complaint does, cannot relate back to an earlier complaint unless the new defendant received timely notice of the litigation and knew (or should have known) that it would have been timely sued "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Despite discussing the requirements for relation back ([44] at 8–10), Fraser conspicuously fails to argue that State Farm

12

received timely notice and knew that it would have been timely sued but for a mistake.

For each of the above reasons, independently, Rule 15(c) does not save Fraser's untimely complaint as to State Farm.

### 3. Equitable Tolling

Finally, Fraser argues that her claims are timely under the doctrine of equitable tolling, which "allows a plaintiff to avoid the bar of the statute of limitations if, despite exercise of all due diligence, plaintiff is unable to obtain information bearing on the existence of her claim." [44] at 4 (citing cases). With respect to Rodriguez-Espinoza, Fraser's claims are timely as discussed above, so equitable tolling has no application. With respect to State Farm, Fraser offers no facts or arguments that would support equitable tolling. Notably, it is undisputed that State Farm's identity as the car's insurer was known at the time of the collision. DSOF ¶ 10; PSOF ¶ 5. *See also* [42-1] (Illinois Traffic Crash Report, dated May 19, 2011, submitted by Fraser, naming "State Farm" as the insurance company). I therefore do not apply equitable tolling to save Fraser's untimely claims against State Farm.[6] Defendants' motion for judicial notice [47], which was submitted in support of denying equitable tolling, is denied as moot.

---

[6] If this court had jurisdiction over the claim against the Consulate, I would grant its motion for summary judgment. The analysis of the savings statute, Rule 15(c), and equitable tolling for State Farm applies equally to the Consulate. The Consulate is a new defendant, the complaint does not relate back to the state court lawsuit, and the identity of the Consulate as the owner of the car was known at the time of the crash report such that plaintiffs, with due diligence, could have sued it within the limitations period.

## IV. Conclusion

For the foregoing reasons:

- The claims against the Consulate are dismissed for want of subject-matter jurisdiction. With respect to those claims, defendants' motion for summary judgment [24] is denied as moot.

- Defendants' motion for summary judgment [24] is granted as to the claims against State Farm.

- Defendants' motion for summary judgment [24] is denied as to the claims against Rodriguez-Espinoza.

- Defendants' motion for judicial notice [47] is denied as moot.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 9/24/14